NOT FOR PUBLICATION                                    CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN-CLAUDE LEVY | : Hon. Faith S. Hochberg |
| Plaintiff, | : Civil No. 06-5738 (FSH) |
| v. | : **OPINION & ORDER** |
| UNITED PARCEL SYSTEMS, et. al, | : Date: February 14, 2008 |
| Defendants. | : |

Plaintiff brings this *pro se* action to recover for alleged partial damage to paintings
shipped and handled by defendants.  Defendant UPS-SCS has moved to dismiss the action as
time-barred under the Warsaw Convention's two-year limitation for commencing an action.
Originally filed in the Bergen County Superior Court in April 2006, defendant United Parcel
Systems, the successor entity to Emery Freight, ("UPS-SCS") removed this action as one arising
under the Unification of Certain Rules relating to International Transportation by Air (the
"Warsaw Convention"), October 12, 1929, 49 Stat. 3000 (1934), 49 U.S.C.A. § 40105, and
hence under the Court's federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff has responded
by arguing that his claim does not arise under the Warsaw Convention and should instead be
governed by New Jersey contract law, and has cross-moved for summary judgment. The Court
has made its determination after considering the written submissions of the parties and without
oral argument pursuant to Fed. R. Civ. P. 78.

## I.   UNDISPUTED FACTUAL BACKGROUND

On October 2, 2000, Pierre-Marie Rogeon engaged Emery Freight to transport certain paintings from Paris, France to New York, New York.  On October 25, 2000, delivery of the paintings was scheduled by Emery Distributors Systems, Inc.  When the cargo was delivered on October 25, one of the paintings was missing.

## II.   DISCUSSION

### A.   Summary Judgment Standard

A court may grant summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is "material" only if its existence or non-existence would affect outcome of the suit under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  An issue of fact is "genuine" only when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact.  *Id.*  In determining whether there exist genuine issues of material fact, all inferences must be drawn, and all doubts must be resolved, in favor of the non-moving party.  *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 264 F.3d 302, 305-06 (3d Cir. 2001) (*citing Anderson*, 477 U.S. at 248).

Although the moving party bears the burden of demonstrating the absence of a genuine issue of material fact, in a case such as this, where the non-moving party is the plaintiff, and therefore, bears the burden of proof at trial, that party must present affirmative evidence sufficient to establish the existence of each element of his case.  *Id.* at 306 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Accordingly, a plaintiff cannot rely on unsupported assertions, speculation, or conclusory allegations to avoid the entry of summary judgment, *see*

*Celotex*, 477 U.S. at 324, but rather, he "must go beyond the pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. U.P.S.*, 214 F.3d 402, 407 (3d Cir. 2000).

      **B.**    **The Warsaw Convention**

      The Warsaw Convention, to which the United States has been a party since 1934, applies to "international transportation of persons, baggage, or goods performed by aircraft for hire." Warsaw Convention, Art. 1(1). *See also Air France v. Saks*, 470 U.S. 392, 406 (1985) (stating that the Warsaw Convention remains the supreme law of the land); *Onyeanusi v. Pan Am*, 952 F.2d 788, 790 (3d Cir. 1992); *Sulewski v. Fed. Express Corp.*, 933 F.2d 180, 182 (2d Cir. 1991) (Warsaw Convention, as a treaty, is equal in force to U.S. domestic law).  Additionally, "although the period of carriage by air [does] not extend to any carriage by land, by sea or by river, performed outside an airport," if "such carriage takes place in the performance of a contract for carriage by air, for the purpose of loading, delivery or transshipment, [then] any damage is presumed, subject to proof to the contrary, to have been the result of an event which took place during the carriage by air."  Warsaw Convention, Art. 18(5).

      The air waybill is the contract of carriage which is binding upon all who sue a carrier for matters relating to the shipment upon which it was issued.  *See Ataei v. M/V barber Tonsberg*, 639 F. Supp. 993, 1003 (S.D.N.Y. 1986) ("a consignee is a party to the contract and cannot be considered a third party under the terms of the same contract").  It is well-settled that where the contract of the parties provides for international carriage between designated termini, the provisions of the Warsaw Convention govern the carriage. *Butz v. British Airways*, 421 F. Supp. 127 (E.D. Pa.1976), *aff'd* 566 F.2d 1168 (3d Cir. 1977). Where the Warsaw Convention applies, its limitations and theories of liability are exclusive.  *Abramson v. Japan Airlines Co., Ltd.*, 739

F.2d 130, 134 (3d Cir. 1984).[1]

To show that the Amended Warsaw Convention applies, the party asserting jurisdiction, UPS-SCS in this case, must show: (1) that the goods at issue where shipped via international transportation by aircraft; (2) that, at the time the goods were shipped, the country of destination and the country from which the goods were shipped were signatories to the Warsaw Convention; and (3) that the damage to the goods in question occurred during carriage by air.

In this case, (1) it is undisputed that the goods in question were shipped via international transportation by aircraft; (2) at all relevant times, both the United States (the country to which the goods were shipped) and France (the country from which the goods were shipped) were signatories to the Warsaw Convention; and (3) Article 18(5) of the Warsaw Convention creates a rebuttable presumption that damage to goods which took place in the performance of a contract for carriage by air, as in this case, occurred as a result of an event that took place during carriage by air.

Plaintiff argues that the "delivery was done under the auspices of Emery Distribution Systems, Inc., a ground distribution company.  The theft could have occurred at the time of the uncrating just before the delivery."  (Pl. Mem. at 7.)  This argument may be an effort to argue that the loss occurred after the end of "carriage by air."  When a contract for transportation includes door-to-door transportation under a single air waybill and the goods remain in the carrier's actual or constructive possession, courts hold that the presumptive period of carriage by air is extended until the time of delivery.  Thus, the air waybill in this case served to extend the presumptive liability period of "carriage by air" through delivery to Plaintiff's premises.  *See*

---

[1] Plaintiff notes that "the rules governing [the] contract between Rogeon and Defendant UPS were never communicated to Plaintiff."  This argument misunderstands the legal contract created by the air waybill used to ship the paintings.  The air waybill contract is binding upon all parties who sue the carrier.

*Jaycees Patov, Inc. v. Pier Air Int'l, Ltd.*, 714 F. Supp. 81 (S.D.N.Y. 1989) (construing nearly identical facts involving a shipment from France to New York and finding that when ground delivery is contracted for by the carrier under the single airbill, the period of "carriage by air" is extended until delivery); *see also Pick v. Lufthansa German Airlines*, 264 N.Y.S.2d 63 (Civ. Ct. 1965).

Since the plaintiff has failed to point to sufficient evidence from which a reasonable fact finder could rebut the presumption of the timing of the loss, the court concludes that damage to the goods in question occurred during carriage by air. All of the conditions to the assertion of jurisdiction having been satisfied, the court concludes that the provisions of the Warsaw Convention apply to this case.

## C.   Statute of Limitations Under the Warsaw Convention

Pursuant to Article 29 of the Warsaw Convention, "[t]he right to damages shall be extinguished if an action is not brought within 2 (two) years, reckoned from the date of arrival at the destination . . ."  It is undisputed that the paintings were delivered on October 25, 2000. Accordingly, Plaintiff's rights to relief expired in October, 2002.  Levy's action, filed originally in April 2006 in New Jersey superior court, was well beyond the statute of limitations.

## III.   CONCLUSION

For the reasons given above,  **IT IS** on this 14th day of February, 2008,

**ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**; and

**ORDERED** that Plaintiff's Cross-Motion for Summary Judgment is **DENIED**; and

**ORDERED** that this case is closed.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.